507 A.2d 1307

City of Harrisburg, Appellant *v.* Home Builders Association of Metropolitan Harrisburg, Appellee.

Argued February 7, 1986, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Jered L. Hock, Metzger, Wickersham, Knauss & Erb,* for appellant.

*Larry B. Selkowitz,* with him, *David W. Reager, Widoff, Reager, Selkowitz & Adler, P.C.,* for appellee.

*Thomas L. Wenger,* with him, *Karen Parenti Gunnison, Wix, Wenger & Weidner,* for Amici Curiae, Pennsylvania State Association of Township Supervisors and the Pennsylvania League of Cities.

OPINION BY JUDGE BLATT, April 24, 1986:

The City of Harrisburg (City) appeals here an order of the Court of Common Pleas of Dauphin County entering summary judgment in favor of the Home Builders Association of Harrisburg (Association). The City was ordered to refund sums representing taxes imposed upon gross receipts for the Association's 1983 and 1984 Home Builders Show.

In 1982 the City enacted an "Amusement Tax Ordinance" (Ordinance),[1] which imposed a five percent tax on the price of admission to each and any amusement within the City. Section 3 of the Ordinance, entitled "Definitions," provides that, for purposes of the Ordinance, the word "Amusement" would encompass "[a]ll manner or form of entertainment, diversion, sport, pastime, or recreation within the City [and that] .... [f]or purposes of this ordinance, the term amusement shall include trade shows, craft shows, and similar exhibitions." Pursuant to the Ordinance, the Association paid the City taxes of $4001.30 in 1983 and $4567.20 in 1984, such sums representing the five per cent tax purportedly due the City based upon the gross admission receipts to the Association's annual Home Builders Show held in each of those years.

---

[1] The Ordinance was enacted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924.

The Association thereafter filed an assumpsit action in the common pleas court seeking to recover the tax money it had paid. In the course of those proceedings, it filed an affidavit conceding that the Home Builders Show was a "similar exhibition" as that term is used in the Ordinance. The trial court's decision, however, stated that the Ordinance taxes admissions to amusements, but not admissions generally, and it determined that the City could not extend the definition of "amusement" to encompass "trade shows, craft shows, and similar exhibitions." It concluded, accordingly, that the City could not tax the Home Builders Show admissions under the Ordinance, and ordered the tax money refunded.

The City, of course, disputes the trial court's rejection of the applicability of the Ordinance's definition section, and contends that it is empowered to establish its own definition for the terms of an ordinance. It cites as support *University Club v. City of Pittsburgh*, 440 Pa. 562, 271 A.2d 221 (1970), which concerned Pittsburgh's tax on the parking receipts of a non-profit corporation's club, levied pursuant to an ordinance authorizing taxation on gross receipts for transactions involving each commercial parking place. The club, however, asserted that, because the lot was closed to the public and was not operated at a profit, the transactions did not involve "commercial" parking spaces as would subject such transactions to taxation. Determining that parking transactions were a proper subject of taxation, the Court considered whether or not the city intended to tax lots operated by non-profit organizations. It expressly recognized the city's right to provide its own set of definitions to aid in the understanding of its legislation, notwithstanding that the tax ordinance's definition of "commercial" was not what one would find in the dictionary, and so upheld application of the tax.

The Association contends that the Home Builders Show does not constitute an amusement as that term is

commonly understood, and it argues that the term must be defined only according to its common usage. We disagree, however, for *University Club* clearly supports the City's right to provide its own set of operative definitions, particularly where, as in the instant case, such definitions vary from traditional or customary usage, but not to such an extreme as would render the language in question senseless.

The Association concedes, as it must, the City's authority to levy a tax against trade shows or similar exhibitions. It points, however, to a previous decision by the same court of common pleas which held the Home Builders Show not to be an amusement for purposes of the local school tax ordinance and suggests that we follow such reasoning. That matter is clearly distinguishable from the instant case, however, inasmuch as it concerned a different taxing entity and implicated a different taxing ordinance, one lacking a definitional section. In the instant case, the subject ordinance unambiguously expresses the City's intent to tax events such as the Home Builders Show, and we will, accordingly, give effect to such intent.

We will, therefore, enter an order reversing the order of the Court of Common Pleas of Dauphin County and directing it to enter judgment in favor of the City of Harrisburg.

## ORDER

AND NOW, this 24th day of April, 1986, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is reversed and that court is directed to enter judgment in favor of the City of Harrisburg.